UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | * | CIVIL ACTION NO.  11-1878 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| ANGEL JUVENILE PRODUCTS, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### ORDER

Defendant removed this matter to federal court on the basis of diversity jurisdiction.  28 U.S.C. § 1332.  When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'"  *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  This rule requires "strict adherence." *Id*.

In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, supra*.  For example, simply alleging that a corporation is a "foreign insurer" without specifying its principal place of business is insufficient for jurisdictional purposes.  *See, Getty, supra*;  *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).

Here, the notice of removal does not affirmatively allege plaintiff's principal place of business.  *See* Notice of Removal, ¶ 10.  Accordingly, within the next seven days from the date of

this order, defendant is granted leave of court to file an amended notice of removal which establishes diversity jurisdiction. *See* 28 U.S.C. §1653. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

      THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 18th day of November 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE