# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | * | CIVIL ACTION NO.  11-1878 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| ANGEL JUVENILE PRODUCTS, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 8] filed by plaintiff, Luv N' Care, Ltd.[1]  The motion is opposed.  For reasons stated below, the motion is **DENIED**.

### Background

Luv N' Care, Ltd.  ("LNC") filed the above-captioned suit on April 1, 2011, against Angel Juvenile Products ("Angel") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.  LNC seeks to recover $1,772,000 in lost commissions that it contends Angel owes for the latter company's failure to honor the terms of a July 1, 2002, contract between the parties.  (Petition).  LNC further alleges that Angel failed to make a working mold for LNC's products, and instead, that it used the mold to make and sell knockoffs.  *Id*.

---

[1]  As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On October 24, 2011, Angel removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  Within 30 days of removal, plaintiff filed the instant motion to remand on the basis that the parties contractually agreed to vest venue for the instant dispute exclusively in the 4th Judicial District Court for the Parish of Ouachita. Plaintiff also seeks an award of costs, expenses, and attorney's fees.  Angel opposes the motion. Briefing is now complete; the matter is before the court.

## Law and Analysis

### I.      Removal Principles and Diversity Jurisdiction

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.  *Id*.  The removal statutes are strictly construed in favor of remand.  *Id*.

In this case, defendant invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Plaintiff does not contest the court's subject matter jurisdiction.  Although the parties cannot confer federal subject matter jurisdiction via consent,[2] the record establishes that the parties are completely diverse and that the amount in

---

[2] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,  456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

2

controversy exceeds $75,000.[3]

## II.    Contractual Waiver of the Right to Remove

A party to a contract may waive its right of removal.  *See Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citation omitted).  In so doing, the party need not employ explicit words.  *Collin County v. Siemens Business Services, Inc.*, 250 Fed. Appx. 45, *3 (5th Cir. Oct. 3, 2007) (unpubl.) (citation omitted).  Nonetheless, to prove effective, the waiver must be "clear and unequivocal," mandatory, and reasonable.  *Id.*; *City of New Orleans v. Municipal Administrative Services*, Inc.,  376 F.3d 501, 504 (5th Cir. 2004).  In this regard, "[a] party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."  *City of New Orleans, supra*.  Mere consent to jurisdiction in one forum, however, does not necessarily establish the waiver of the right to have an action decided by another forum.  *Id.*  Federal law governs the enforceability of such forum selection clauses.  *Alliance Health Group, LLC v. Bridging Health  Alliance Health Group, LLC v. Bridging Health Options*, LLC, 553 F.3d 397, 399 (5th Cir. 2008) (citations omitted).

In this case, plaintiff contends that Angel waived its right to remove the case to federal court pursuant to a forum selection clause that purportedly vests venue for this dispute exclusively in the Fourth Judicial District Court.  In support of its motion, plaintiff adduced a one page excerpt of an unnamed agreement between "LNC" and an unspecified distributor which

---

[3] Plaintiff is a Louisiana corporation, with its principal place of business in this state. (Amend. Notice of Removal, ¶ 10).  Angel is a Chinese corporation, with its principal place of business in China.  (Corp. Disclosure Statement [doc. # 3]; Amend, Notice of Removal, ¶ 11 & Exh. B).  Plaintiff seeks damages in excess of $1,772,000.

provides, in pertinent part, that

> the validity and interpretation of this Agreement shall be governed by and
> construed in accordance with the laws of the State of Louisiana, United States of
> America, and further agree that any controversy or claim arising out of or relating
> to this Agreement, or the breach thereof, shall be settled in the State of Louisiana,
> Parish of Ouachita, United States of America, and the decisions of said courts
> shall be binding on both parties.  LNC and Distributor hereby consent to the
> jurisdiction of the above-named forums for the adjudication of any such claim or
> controversy.

M/Remand, Exh. A.

Assuming for purposes of this motion that Angel is a party to the excerpted agreement

and that the instant dispute arises out of the agreement,[4] the clause at issue provides nothing more

than that the controversy will be "settled in the State of Louisiana, Parish of Ouachita Parish,

United States of America," and that the "decisions of said courts" shall bind the parties.  The

clause does not foreclose venue in federal court.  To the contrary, it is manifest that this court sits

in Ouachita Parish, State of Louisiana, United States of America.  Furthermore, by using the

plural form of "court," the clause contemplates more than one potential forum.  In a similar case,

the Fifth Circuit has held that a forum selection clause calling for venue in a specified county did

not preclude venue in the federal district court located in the same county.  *Alliance Health

Group, supra* (the clause at issue provided that "exclusive venue for any litigation related hereto

shall occur in Harrison County, Mississippi.").  The same result obtains here.

<u>Conclusion</u>

For the above-assigned reasons,

IT IS ORDERED that the motion to remand [doc. # 8] filed by plaintiff Luv N' Care, Ltd.

---

[4]  Plaintiff emphasizes that this court has upheld the validity of the subject clause in another
case, *Luv n'care, Ltd. v. Rhea*, Civil Action Number 01-0378 (W.D. La.).  For purposes of this
motion, the court assumes that the clause is valid.

4

is hereby **DENIED**.

 IT IS FURTHER ORDERED that plaintiff's associated request for costs, expenses, and fees is likewise **DENIED**.

 THUS DONE AND SIGNED in chambers, this 29th day of November 2011 in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

5